**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**ANTONIO BERRY, #03256-043**                                           **PETITIONER**

**VERSUS**                                 **CIVIL ACTION NO. 5:06cv171DCB-MTP**

**CONSTANCE REESE, Warden FCI-Yazoo; ET AL.**                        **RESPONDENTS**

<u>**MEMORANDUM OPINION**</u>

This matter is before the Court, <u>sua</u> <u>sponte</u>, for consideration of dismissal.  Petitioner

Berry, an inmate at the Federal Correctional Institute-Yazoo City, Mississippi, filed this petition

for habeas corpus relief pursuant to 28 U.S.C. § 2241.   Upon review of the petition and response

[doc. 5] filed, the Court has reached the following conclusions.

The Petitioner was found guilty by a jury of conspiracy to possess with intent to distribute

cocaine and possession with intent to distribute cocaine, in violation of 21 U.S.C.

§ 846 in the United States District Court for the Eastern District of Texas on April 8, 1993.  The

Petitioner was sentenced to serve 30 years in the custody of the Bureau of Prisons.[1]  In April of

1995, the United States Court of Appeals for the Fifth Circuit affirmed the Petitioner's

convictions, cause number 93-05011.  The Petitioner's motion to vacate, set aside, or correct his

sentence pursuant to 28 U.S.C. § 2255 was denied by the United States District Court for the

Eastern District of Texas.   The Petitioner states that his request for a certificate of appealability

was denied by the Fifth Circuit in May or June of 1998.

The Petitioner previously filed for habeas relief under 28 U.S.C. § 2241 challenging the

constitutionality of his incarceration, specifically the validity of his indictment.  The Petitioner

---

[1]Petitioner states that his original sentence of life imprisonment was reduced.

states that this previous § 2241 petition was construed as a motion to vacate, set aside, or correct

his sentence pursuant to § 2255, and subsequently dismissed as a successive petition.

    In the petition before this Court, the Petitioner argues that his indictment was defective

because it "failed to cite a prohibited unlawful federal drug statute." Mem. in Supp. [doc.2], p. 4.

Therefore, the court was without jurisdiction to convict him pursuant to the invalid indictment

and his immediate release from custody is proper.

Analysis

    A petitioner may attack the manner in which his sentence is being executed in the district

court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241.  United States v. Cleto,

956 F.2d 83, 84 (5th Cir.1992).  As the United States Court of Appeals for the Fifth Circuit has

recognized, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in

which a sentence is carried out or the prison authorities' determination of its duration, and must

be filed in the same district where the prisoner is incarcerated."  Pack v. Yusuff, 218 F.3d 448,

451 (5th Cir. 2000).  On the other hand, "section 2255, not section 2241, is the proper means of

attacking errors that occurred during or before sentencing."  Ojo v. Immigration and

Naturalization Service,106 F.3d 680, 683 (5th Cir.1997) (citing Cox v. Warden, Fed. Detention

Ctr., 911 F.2d 1111, 1113 (5th Cir.1990).

    In the instant case, the Petitioner's entire allegations relate to the validity of his

indictment.  Clearly, these claims relate to alleged errors that occurred during or before

sentencing and not to the manner in which his sentence is being executed.  As such, this Court

does not have jurisdiction to address the constitutional issues presented by the Petitioner.   "A

section 2241 petition that seeks to challenge the validity of a federal sentence must either be

dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000).

However,"§ 2241 may be utilized by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the so-called § 2255 'savings clause.'" Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir.2001).[2] Case law has made it clear that "[t]he petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000). The Fifth Circuit in Reyes-Requena , in providing guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement, held the savings clause of § 2255 to apply to a claim when both prongs of the test are satisfied, as follows:

> (1) when the claim is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and
> (2) that claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or fist § 2255 motion.

Reyes-Requena, 243 F.3d at 904. The first prong of the test is, essentially, an "actual innocence" requirement, whose "core idea is that the petitioner may be have been imprisoned for conduct which was not prohibited by law." Id. at 903.

This Court finds that the Petitioner's vague assertion that § 2255 is an inadequate or ineffective means of attacking his current confinement to be unpersuasive. To meet the first

---

[2] 28 U.S.C. § 2255 states as follows:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is *inadequate or ineffective to test the legality of his detention*.

prong of the <u>Reyes-Requena</u> test, the petitioner must be relying on a decision by the Supreme Court which was retroactively applied establishing that the petitioner was convicted of a nonexistent crime. <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 904 (5th Cir.2001). The Petitioner has failed to provide any support to satisfy this requirement. Thus, the Petitioner has failed to meet the first prong of the requirements of <u>Reyes-Requena</u>. Because both prongs of the <u>Reyes-Requena</u> test must be met for a claim to benefit from the savings clause, this Court need not address the second prong of the test. Moreover, the Fifth Circuit has held that "[t]his Court and other Courts of Appeals have consistently noted that 'a prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy.'" <u>Pack</u>, 218 F.3d at 452 (quoting <u>McGhee v. Hanberry</u>, 604 F.2d 9, 10 (5th Cir. 1979)). Therefore, since the Petitioner's claims do not meet the stringent requirements of the savings clause, he will not be allowed to proceed with this action pursuant to 28 U.S.C. § 2241.

Conclusion

As stated above, § 2241 is not the proper forum to assert Petitioner's claims. Therefore, this petition will be dismissed as frivolous and to the extent that the petition can be construed as a § 2255 motion it shall be dismissed for this Court's lack of jurisdiction, with prejudice. <u>See Ojo v. Immigration and Naturalization Service</u>,106 F.3d 680, 683 (5th Cir.1997).

A final judgment in accordance with this memorandum opinion shall be issued.

SO ORDERED, this the 3rd day of January, 2007.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE